UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| P.A., on behalf of minor child, A.A., et al. | * | CIVIL ACTION NO. 23-2228 |
| VERSUS | * | SECTION: "O"(1) |
| DORIS VOITIER, et al. | * | JUDGE BRANDON S. LONG |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Plaintiffs' Motion for Leave to File Second Amended Complaint. (Rec. Doc. 26). Only a portion of the proposed claims are timely. Accordingly, the Motion is GRANTED in part and DENIED in part, as provided herein.

Background

Plaintiffs in this lawsuit are three students aged 15 to 17 attending public school in St. Bernard Parish. They each allege that they are disabled under Title II of the Americans with Disabilities Act (the "ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504") (each has Attention-Deficit Hyperactivity Disorder and other mental health disorders). They challenge the St. Bernard Parish School Board's practice of sending expelled students in grades 6 through 12 to C.F. Rowley Alternative School ("Rowley"). They complain that expulsions to Rowley are not reported to the state for accountability monitoring and that students are not provided with due process prior to serving their expulsion. They allege that once placed at Rowley, students are denied access to education—they spend most of their time completing computer Edgenuity courses with little to no live instruction. There are only six teachers for the entire high school population and none of them teach history or biology. Rowley students do not have access to courses that could earn college credit or access to scholarships – both opportunities provided to

1

students at Chalmette High School. They are also barred from participating in district-wide school-sponsored and extra-curricular activities. Plaintiffs allege that St. Bernard Parish School Board Disciplinary Policies and Practices as to Rowley violate students' rights to notice and hearing prior to long-term disciplinary expulsions. Plaintiffs allege that although the student population in the St. Bernard Parish School Board's system is 2/3 white, the population at Rowley is majority Black.

Plaintiffs also allege that the rights of students with disabilities are being violated because students with emotional and behavioral disabilities are placed at Rowley purportedly because they require a "smaller setting," but once there they do not receive the academic and social-emotional supports their disabilities require. They allege further that students with disabilities placed at Rowley for disciplinary reasons can only exit Rowley if they meet the exit criteria, but the criteria are not modified to account for their disabilities.

The plaintiffs here are proceeding under pseudonyms. Plaintiff A.A. was assigned to Rowley for the latter portion of the 2021-2022 school year and, after returning to Chalmette High School for the 2022-2023 school year, he was again assigned to Rowley in February 2023. Among other things, A.A. alleges that the 2023 assignment was retaliatory. Plaintiff B.B. was assigned to Rowley beginning in sixth grade in 2018. She started high school at Chalmette High School, but at the beginning of the 2022 school year when she was in tenth grade, she was assigned to Rowley following an incident of using mace when several male students began verbally assaulting and threatening her. Following the administrative hearing, which resulted in dismissal of her claims of disability discrimination, she and the School Board reached a preliminary settlement in May 2023—but she alleges she has not received the 400 hours of tutoring promised therein. Plaintiff C.C. began attending Chalmette High School in August 2022. Following an altercation in September 2023, she was assigned to Rowley for the remainder of the school year.

Plaintiffs filed suit on June 27, 2023, asserting claims against the School Board and Doris Voitier in her official capacity as superintendent for the St. Bernard Parish Public Schools for discrimination under the ADA, for discrimination and, as to A.A., retaliation in violation of Section 504 of the Rehabilitation Act of 1973, for violation of their procedural due process rights under the United States and Louisiana Constitutions, for violation of disciplinary safeguards required by state law, for violation of the Louisiana Human Rights Act's prohibitions against disability discrimination, and as to B.B., an appeal of the dismissal of her administrative claim due to lack of jurisdiction.

Plaintiffs seek damages as well as declarative and injunctive relief. They seek an order that placement at Rowely is tantamount to expulsion and that defendants have violated and are violating plaintiffs' rights. They also seek an order enjoining defendants from future violations and requiring them to develop procedures to prevent discriminatory placement in the alternative school program and to provide plaintiffs the opportunity to participate in or benefit from in the same educational and extracurricular services afforded to non-disabled peers, provide plaintiffs with reasonable accommodations for their disability related needs, and provide them with educational programs and services in the most integrated setting as required by Section 504 and the ADA. Trial is set to begin on September 23, 2024. The discovery deadline is August 23, 2024. The deadline to amend pleadings passed on November 17, 2023.

Plaintiffs filed the present motion for leave to amend on March 26, 2024. They propose to make minor changes to update outdated allegations and minor points of factual and legal clarity. Primarily, though, they seek to join three new plaintiffs. Defendants oppose, arguing that they would be prejudiced by the amendment and that the amendment is futile.

Law and Analysis

1. *Standard for Amending Pleadings*

Under Federal Rule of Civil Procedure 15(a)(2), when the time period for amending a pleading as a matter of course has passed, a party may amend its pleadings by consent of the parties or by leave of court. "The court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). Thus, the United States Court of Appeals for the Fifth Circuit instructs that the "district court must possess a 'substantial reason' to deny a request for leave to amend." Smith v. EMC Corp., 393 F.3d 590, 595 (5th Cir. 2004). Nonetheless, "that generous standard is tempered by the necessary power of a district court to manage a case." Yumilicious Franchise, L.L.C. v. Barrie, 819 F.3d 170, 177 (5th Cir. 2016) (quoting Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003)). The court may consider numerous factors when deciding whether to grant a motion for leave to amend, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment." Schiller v. Physicians Res. Grp. Inc., 342 F.3d 563, 566 (5th Cir. 2003).

Where the court ordered deadline for amending pleadings has passed, that schedule "may be modified" to allow for additional amendments "only for good cause and with the judge's consent." Fed. R. Civ. Proc. 16(b)(4); see S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA, 315 F.3d 533, 536 (5th Cir. 2003) ("We take this opportunity to make clear that Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired."). When determining whether the movant has shown good cause, the Court considers "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a

4

continuance to cure such prejudice.' " S&W Enterprises, 315 F.3d at 536 (quoting Reliance Ins. Co. v. Louisiana Land & Expl. Co., 110 F.3d 253, 257 (5th Cir. 1997)) (alterations in original).

2. *Analysis*

Here, the deadline to amend pleadings has passed. Thus, plaintiffs must establish good cause for their out of time pleading amendment.

Plaintiffs explain that they could not have sought leave to amend at an earlier time because they were not contacted by the new plaintiffs until January 2024, after the pleading amendment deadline. They then promptly sought records concerning the new plaintiffs from the defendants, but they have not received any response. Defendants do not respond to the "explanation" factor, except to note that they produced the records for the new plaintiffs on February 23, 2024. The Court finds this factor weighs in favor of allowing the pleading amendment. Plaintiffs could not have filed before the pleading amendment deadline, and they sought leave to amend about one month after receiving relevant records from defendants.

Plaintiffs argue further that defendants will not be prejudiced by the amendment because no new claims are being asserted. They submit that the only additional discovery burden is the production of additional student records, which they say defendants have an obligation to produce under federal and state law anyway. They also argue that none of the new allegations should come as a surprise because the operative complaint already alleges systemic discrimination and due process violations. They insist that the addition of new plaintiffs will not unduly delay the proceedings because the discovery deadline is almost four months away. They add that denying leave to amend would result in a drain on judicial resources because it would require the new plaintiffs to file a separate lawsuit in which they would raise the same discrimination and due process challenges.

5

Defendants counter that they will be prejudiced by the pleading amendment because expert disclosures are due June 25, 2024, and dispositive motions must be filed in time to be heard on that date. They point out that if the new plaintiffs are joined, they will be entitled to conduct discovery concerning them, but discovery must be completed in approximately four months. They add that they already anticipate taking six depositions. With new plaintiffs, they say they would need to conduct an additional six depositions (of the plaintiffs and their parents). They note also that they have a Rule 12(c) Motion for Judgment on the Pleadings pending and submit that they would have to file a similar motion to dismiss the claims of the new plaintiffs.

With regard to prejudice, the Court finds that some prejudice would ensue if the amendment was allowed: at least some additional discovery will be required and defendants may need to file a new Motion for Judgment on the Pleadings. However, to the extent these additional steps cannot be completed under the current scheduling order, a continuance can cure the prejudice. Importantly and as plaintiffs point out, if leave is denied, the new plaintiffs would have to file a separate lawsuit, which would require defendants to undertake the same actions in defense as they will need to if the new plaintiffs join this action. The fact of having to defend the new plaintiffs' claims alone is not prejudice. The prejudice/continuance factors weigh in favor of finding good cause.

Neither party addresses the "importance" factor.

Considering the factors briefed by the parties, the Court finds that plaintiffs have established good cause for their out of time pleading amendment.

The Court turns next to whether leave to amend should be granted under Rule 15. Defendants argue that leave to amend should be denied because the amended pleading would be futile. They say D.D.'s claim is untimely because it concerns the 2021-2022 school year and F.F.'s claim is untimely because it concerns a referral to Rowley in April 2022. They argue that E.E.'s

claim is also untimely because it concerns a referral to Rowley in August of 2022 and the Court should not find her claim can relate back to the original date of filing (June 27, 2023) because plaintiffs are not substituting a real party in interest and they do not have an identity of interest with the new plaintiffs such that the Board should have known they were always involved in the litigation. Defendants argue that the new pleading adds new claims because the claims of the new plaintiffs concern primarily their exit from Rowley. They insist they had no prior notice of the plaintiffs' intent to add claims of the new plaintiffs.

Plaintiffs argue that the claims of the new plaintiffs are not futile. First, they argue that the date of enrollment at Rowley, and not the date of referral, is the critical one for the statute of limitations. They submit that each of the new plaintiffs was enrolled at Rowley during the 2022-2023 school year. Plaintiffs also note that defendants have conceded that the new plaintiffs' claims concerning their exit from Rowley are timely. They say that relation back is not necessary because their claims are timely. But, in any event, they argue that the new claims should relate back because the claims of the new plaintiffs are the same as the claims of the new plaintiffs. They argue that because their original complaint alleged district-wide discrimination, defendants have been on notice of the possibility of additional plaintiffs.

The ADA, Section 504, and § 1983 do not provide a limitations period, so courts analogize to state law. See Brown v. Pouncy, 93 F.4th 331, 334 (5th Cir. 2024); Holmes v. Texas A&M Univ., 145 F.3d 681, 684 (5th Cir. 1998). The parties do not dispute that Louisiana's one-year prescriptive period for delictual actions applies to all of plaintiffs' claims. See La. Civ. Code 3492.

> A pleading relates back to the date of the filing of the original complaint where:
>
> (A) the law that provides the applicable statute of limitations allows relation back;
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

7

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> > **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
> > **(ii)** knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1).

The rule does not explicitly address the addition or substitution of plaintiffs. However, the comments provide that "the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Comments to the 1966 amendment. Courts have found a new plaintiff's claim relates back when "the claims of the new plaintiff are identical to those of an original plaintiff and the defendant was on notice of the claim" or "when the new plaintiff shares an identity of interest with the original plaintiff so as to put the defendant on notice that the new plaintiff was always involved with the litigation." In re Mike's, Inc., No. CIV.A. 02-1073, 2002 WL 1767425, at *2 (E.D. La. July 30, 2002). When it comes to fair notice "[n]ot only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in." Williams v. United States, 405 F.2d 234, 238 (5th Cir. 1968).

The Williams case arose out of injuries sustained by a minor from the explosion of an Army M-80 firecracker. Id. at 235. The lawsuit was initiated by the minor's mother as next friend, but years into the suit, after a judgment, an appeal, a remand, another appeal, and another remand, the mother sought leave to amend the complaint to appear as a party plaintiff in her own right for loss of services under state law. Id. The district court denied the amendment as untimely, but the Fifth Circuit reversed, finding that the government had fair notice because "the occurrence as an

8

operational set of facts was stated fully" and the complaint, "read with the required liberality . . . clearly revealed the existence of (a) a minor (b) the mother as parent and (c) the assertion by her of a claim." Id. at 239. Because "liability to the minor would give rise to a liability to the parent under local law, and since the circumstances of these individuals was such as would reasonably indicate a likelihood that the parent would incur losses of a recoverable kind, the Government was put on notice that the parent's claim was also involved." Id.

In Stoppelman v. Owens, the D.C. Circuit also allowed an amendment to join additional plaintiffs with the amended complaint to relate back to the filing of the original complaint. 580 F. Supp. 944, 947 (D.D.C. 1983). The original plaintiffs were members of a limited partnership who sued the general partner and promoter for securities violations in connection with the sale of the partnership interests in the limited partnership. Id. at 945. Later, the plaintiffs sought to join the other limited partners. Id. The court of appeals found the defendants had proper notice of the new plaintiffs' claims by virtue of the original complaint because the new plaintiffs did not raise a new claim: just like the plaintiffs in the original complaint, they sought to vindicate the wrong done to the partnership. Id. at 946; see also Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, No. 92 C 6659, 1997 WL 367368, at *7 (N.D. Ill. June 25, 1997) (finding an identity of interest between the original plaintiff—a nursing home—and the new plaintiff—the nursing home's owner in a civil rights action against state health surveyors).

Plaintiffs allege that D.D. was first enrolled at Rowley during the 2021-2022 school year and remained enrolled there during the 2022-2023 school year. They allege that E.E. was first placed at Rowley in August 2022 due to behavioral issues during summer school in 2022 and remained enrolled at Rowley during the 2022-2023 and 2023-2024 school year. They allege that F.F. was sent to Rowley on April 8, 2022, and exited Rowley on January 4, 2023.

At a minimum, any claims of D.D. and E.E. concerning their experiences at Rowley (including issues related to the exit procedures) in April and May 2023 are timely because they occurred within one year of plaintiffs' Motion for Leave to Amend, which was filed on March 26, 2024.[1] If D.D. and E.E.'s claims relate back to the filing of the original complaint on June 27, 2023, claims relating to their experience at Rowley as far back as June 2022 (including E.E.'s assignment to Rowley in August 2022) could be considered. However, D.D. was assigned to Rowley in 2021, more than one year prior to the date the original complaint was filed on June 27, 2023. Thus, even if D.D.'s claims could relate back to the date of the original complaint, any due process claim arising out of the assignment has prescribed.

As to F.F., however, she was not enrolled at Rowley within one year of the filing of the proposed amended complaint. Thus none of her claims are timely unless they relate back. And she was assigned to Rowley more than one year prior to the filing of the original complaint. Thus any due process claim is untimely even if her claims could relate back. If her claims relate back to the time the original complaint was filed, her experiences from June 27, 2022, through her exit from Rowley in January 2023 are timely.

Plaintiffs here argue that the new plaintiffs' claims are the same as those of the original plaintiffs. To the extent plaintiffs argue the claims are therefore "identical," the court disagrees. Each plaintiff's specific experience in his or her referral to Rowley and the educational opportunities experienced while there, along with the impact of each student's disability on their claims, is unique. Plaintiffs do raise the same causes of action and claim to have suffered the same

---

[1] The date of the Motion for Leave and not the date any amended complaint is filed into the record is the operative one. Pompey v. Lumpkin, 321 F. Supp. 2d 1254, 1258 n. 2 (M.D. Ala. 2004), aff'd sub nom. Pompey v. Fulmer, 127 F. App'x 473 (11th Cir. 2005) ("For statute of limitations purposes, an amended complaint is deemed filed on the date that the party files a motion for leave to file the amended complaint, rather than on the date that the motion for leave to amend is granted, or the date that the amended complaint is docketed as a separate document.").

type of harm, but unlike in Williams and Stoppelman where the old and new plaintiffs sought to vindicate harm from the same wrongful incident, each plaintiff here challenges a separate wrong (their own referrals to Rowley on different dates due to different reasons, their own educational experience and lost opportunities, and their own difficulties in exiting Rowley without changes to the exit procedures to accommodate their own disabilities).

Plaintiffs' theory is untenable. It would mean that every single student with a disability at Rowley could be a potential plaintiff that could, at any time, reach out to plaintiffs' counsel and seek to join this lawsuit even if they would be unable to initiate a new action on their own at this time due to their failure to timely pursue any claim they had. Applying plaintiffs' theory to a claim that a police department used excessive force during an arrest and was subject to municipal liability because of a pattern and practice of doing so would allow other citizens alleging use of excessive force by the police during entirely separate and unrelated incidents to join the lawsuit even if their claim would be otherwise prescribed. When plaintiffs allege that a defendant follows an unlawful policy but they do not purport to assert class claims, they have not provided the defendant with notice that every individual whose rights were violated as a result of the policy was also a part of the lawsuit. See, e.g., Major Tours, Inc. v. Colorel, 799 F. Supp. 2d 376, 387 (D.N.J. 2011) (holding that claims of new plaintiffs in a civil rights action did not relate back where the initial complaint—despite including the phrase plaintiffs "and all others similarly situated"—was not otherwise plead or prosecuted as a class action). The Court cannot find that defendants here had fair notice of the claims of D.D., E.E., and F.F. such that they always should have known the claims were part of the original lawsuit. As a result, the Court finds that the claims of D.D., E.E. and, F.F. do not relate back.

This finding means that the claims of F.F. are entirely futile. The claims of D.D. and E.E. may proceed, but only concerning their experiences at Rowley (including issues related to the exit procedures) on or after March 26, 2023, one year prior to the date plaintiffs sought leave to amend.

IT IS HEREBY ORDERED that the Motion for Leave is GRANTED in part and DENIED in part; within seven days plaintiffs' shall file a Second Amended Complaint into the record that includes only its timely claims: the claims of D.D. and E.E. concerning their experiences on or after March 26, 2023.

Also before the Court is the plaintiffs' Motion for Leave to File Exhibit under Seal (Rec. Doc. 27). Considering that the time periods for objection provided by Local Rule 5.6, have now passed without objection and that the Court has previously authorized the existing plaintiffs to proceed anonymously (Rec. Docs. 3, 4), the Court finds good cause to seal Exhibit A to the Second Amended Complaint, which lists the non-anonymized names of the plaintiffs and their parents. Accordingly,

IT IS FURTHER ORDERED that, Plaintiffs' Motion for Leave to File Exhibit under Seal is GRANTED; Exhibit A to the proposed Second Amended Complaint shall be filed UNDER SEAL.

New Orleans, Louisiana, this 13th day of May, 2024.

                                                Janis van Meerveld
                                        United States Magistrate Judge